IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LINDA BIANCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:12-cv-0570-GRA-TER |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | )   **ORDER** |
| | ) |
| Defendant. | ) |

Upon consideration of Defendant's Motion for Entry of Judgment with Order of Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and Plaintiff's consent to said motion to remand, the Court hereby **REVERSES** the Commissioner's decision in this matter and **REMANDS** the cause to the Defendant for further administrative proceedings as set forth below. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).[1]

Upon remand by the Court, the Appeals Council will remand the case to an Administrative Law Judge (ALJ) to hold a de novo hearing and issue a new decision regarding Plaintiff's eligibility for disability benefits. The Appeals Council will instruct the ALJ to: (1) update the treatment records on the claimant's alleged impairments; (2) evaluate the claimant's alleged mental impairments pursuant to the special technique; (3) evaluate the medical opinions, including the assessments of the State agency consultants, and give weight to each opinion; (4) further consider the residual functional capacity on the updated record, providing the rationale for the assessed limitations; (5) further consider the credibility of the claimant's allegations; (6) further consider whether the claimant has past relevant work she is capable of performing; and (7) as appropriate,

---

[1] The Clerk of the Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.

**AND IT IS SO ORDERED.**

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

September 25, 2012.
Florence, South Carolina.