IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Linda Bianco, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 4:12-cv-00570-GRA |
| | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff seeks fees in the amount of $2,964.25, which represents 3 hours of attorney's work at the hourly rate of $177.50 and 27.4 hours of paralegal's work at the hourly rate of $88.75. The Commissioner filed a response in support of an award of reasonable attorney's fees to Plaintiff on November 13, 2012. ECF No. 25. For the reasons stated herein, Plaintiff's motion is hereby GRANTED.

## Background

Plaintiff filed an application for Social Security Disability on January 19, 2006, alleging disability as of July 22, 2005 due to neck, back, and shoulder injuries. ECF No. 15-7. The Commissioner denied her application initially and upon reconsideration. *See* ECF No. 15-5. Plaintiff filed a timely request for a hearing

before an Administrative Law Judge ("ALJ"), which was held on January 30, 2008. *Id.* The ALJ denied her claim in an order dated April 4, 2008. ECF No. 15-2.

After exhausting all of her administrative remedies, Plaintiff filed the instant action seeking judicial review of the Commissioner's final decision on February 28, 2012. ECF No. 1. The matter was initially referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation ("R & R"). However, after Plaintiff submitted her brief to the Magistrate arguing that the ALJ and Appeals Council failed to evaluate all the relevant evidence, the Commissioner voluntarily moved to remand the claim pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action. *See* ECF No. 18. Plaintiff consented to this motion, and Magistrate Judge Rogers remanded the case on September 26, 2012. ECF No. 22.

## Discussion

Under the EAJA, a party who prevails in litigation against the United States is entitled to an award of attorney's fees and costs upon timely petition unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006).

The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). To be substantially justified, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the government must establish that its position has a reasonable basis in both law and fact. *Id.* In determining whether the government's position was substantially

justified, the Court "consider[s] the totality of the circumstances." *Hyatt v. Barnhart*, 315 F.3d 239, 244–45 (4th Cir. 2002).

Here, the Commissioner does not object to an award of EAJA fees to Plaintiff and further does not object to the amount sought by Plaintiff. ECF No. 25. Upon review of Plaintiff's motion and supporting affidavit, the Court finds that the amount of $2,964.25, representing 3 hours of attorney's work at the hourly rate of $177.50 and 27.4 hours of paralegal's work at the hourly rate of $88.75, is reasonable. The Commissioner correctly notes that an EAJA award is to be made payable directly to Plaintiff and not Plaintiff's attorney. *See Astrue v. Ratliff*, 505 U.S. ___, No. 08-1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney's fees pursuant to the EAJA in the amount of $2,964.25 is hereby GRANTED. Defendant is directed to make this amount payable to Plaintiff.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November  16 , 2012
Anderson, South Carolina