UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Linda Bianco,                )<br>                              )<br>            Plaintiff,     )<br>                              )<br>v.                            )<br>                              )<br>Carolyn W. Colvin, Acting     )<br>Commissioner of Social Security, )<br>                              )<br>            Defendant.    )<br>_____ ) | C/A No.: 4:12-cv-00570-GRA<br><br>**ORDER**<br>(Written Opinion) |

## Background

This matter comes before this Court on Plaintiff's Motion for Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), filed on December 5, 2014. ECF No. 27. Plaintiff seeks "$11,116.00, in addition to the previously awarded [Equal Access to Justice Act (EAJA)] fee." *Id.* The Plaintiff was previously awarded $2,964.25 in EAJA fees. ECF No. 26. Plaintiff contends the $11,116.00 is owed as part of a twenty-five percent contingency fee agreement the Plaintiff entered into with her attorney. ECF No. 27-2. The past-due benefits awarded for the Plaintiff were $56,321.00; twenty-five percent of that amount is $14,080.25. ECF No. 27-1. It is important to note that Plaintiff's attorney is requesting only $11,116.00 and not the full $14,080.25. *Id.* By requesting only $11,116.00, Plaintiff is proposing that the foregone $2,964.25 be used to refund the previously awarded EAJA fees. *Id.* The government filed a response on December 30, 2015, ECF No. 28, indicating there is no opposition to an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

## Discussion

Fees under the Social Security Act, 42 U.S.C. § 406(b), are awarded from the claimant's past-due benefits, are capped at twenty-five percent of the total of the past-due benefits, and must be reasonable. 42 U.S.C.A. § 406(b)(1)(A). The United States Supreme Court instructs courts to "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Further, courts are to reduce contingency fees "when (1) the fee is out of line with 'the character of the representation and the results ... achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808). The reviewing court must also not allow a "windfall" of fees for the attorney. *Gisbrecht*, 535 U.S. at 808.

After a review of the petition and the factors to be considered in awarding attorney's fees, the court finds that an award of $11,116.00 is reasonable. This fee is reasonable because attorney McChesney has a specialized skill set in relation to Social Security law that he developed over 30 years of practice, he achieved a successful result in this case without any unreasonable delay, and the attorney fee amount is not in violation with the twenty-five percent maximum.

In the 1985 Amendments to the Equal Access to Justice Act ("EAJA"), Congress specified that, if a claimant's attorney received attorney's fees under both the EAJA and section 406(b), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht,* 535 U.S. at 796 (quoting Pub. L. No. 99-

80 § 3, 99 Stat. 186 (1985)).  Attorney's fees were sought and awarded by this Court pursuant to the EAJA, 28 U.S.C. § 2412(d).  Plaintiff is refunding those fees by requesting only $11,116.00 and not the full $14,080.25.

Accordingly, after reviewing the record, Plaintiff's Motion, and Defendant's response, this Court finds that an award of attorney's fees, pursuant to 42 U.S.C. § 406(b), in the amount of $11,116.00 is appropriate and reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's attorney is awarded eleven thousand one hundred sixteen dollars ($11,116.00) in attorney fees.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 13, 2015
Anderson, South Carolina